IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KAREN BROWN,

      Plaintiff,                    No. CIV S-06-2129 KJM

    vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.                <u>ORDER</u>

        Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying applications for Disability Income Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act ("Act"), respectively. For the reasons discussed below, the court will grant plaintiff's motion for remand and deny the Commissioner's cross-motion for summary judgment.

/////

/////

/////

/////

1

I. Factual and Procedural Background

In a decision dated May 3, 2006, the ALJ determined plaintiff was not disabled.[1] The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. The ALJ found plaintiff has severe impairments of degenerative disc disease of the lumbosacral spine, history of coronary artery disease, history of hepatitis C, and history of depression, bipolar disorder, anxiety disorder, and possible personality disorder but these impairments do not meet or medically equal a listed impairment; plaintiff has the residual functional capacity to perform light work with certain postural limitations and which does not require "people skills;" plaintiff's allegations of extreme limitations in functioning

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. See 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
> Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
> Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

1 cannot be credited; plaintiff can perform her past relevant work as a data entry worker; and
2 plaintiff is not disabled. Administrative Transcript ("AT") 13-21. Plaintiff contends the ALJ
3 failed in his duty to develop the record, improperly discounted the opinions of treating and
4 examining physicians, improperly discredited plaintiff and incorrectly found plaintiff could
5 perform her past relevant work.

II. Standard of Review

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)). Substantial evidence means more than a mere scintilla of evidence, but less than a preponderance. Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229, 59 S. Ct. 206 (1938)). The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

/////

III. <u>Analysis</u>

Plaintiff contends the ALJ failed to properly develop the record because the ALJ did not obtain any of plaintiff's recent treatment records. Plaintiff's contention is correct and dispositive. Because plaintiff's other arguments fundamentally rest on the absent medical records, the court will not address the other issues raised by plaintiff; appropriate judicial review cannot be conducted in a vacuum.

Disability hearings are not adversarial. <u>See</u> <u>DeLorme v. Sullivan</u>, 924 F.2d 841, 849 (9th Cir. 1991); <u>see also</u> <u>Crane v. Shalala</u>, 76 F.3d 251, 255 (9th Cir.1996) (ALJ has duty to develop the record even when claimant is represented). Evidence raising an issue requiring the ALJ to investigate further depends on the case. Generally, there must be some objective evidence suggesting a condition that could have a material impact on the disability decision. <u>See</u> <u>Smolen v. Chater</u>, 80 F.3d 1273, 1288 (9th Cir.1996); <u>Wainwright v. Secretary of Health and Human Services</u>, 939 F.2d 680, 682 (9th Cir.1991). "Ambiguous evidence . . . triggers the ALJ's duty to 'conduct an appropriate inquiry.'" <u>Tonapetyan v. Halter</u>, 242 F.3d 1144, 1150 (9th Cir. 2001) (quoting <u>Smolen</u>, 80 F.3d at 1288).

Plaintiff applied for disability benefits in 2004. AT 103-109. At that time, plaintiff resided in Texas. At some point during 2005, plaintiff moved to California. All of the medical records from treating physicians contained in the administrative record are from Texas, save for one psychiatric questionnaire filled out by a Sacramento physician. AT 137-355. The Texas medical records pertain only to the year 2004. At the hearing on March 3, 2006, plaintiff testified that in the year 2005, she saw a doctor four or five times a month and that more recently in the Sacramento area, she saw a doctor once a month and was seeking referrals to specialists in the Sacramento region. AT 377.

Despite this testimony, the ALJ undertook no efforts to obtain plaintiff's medical records from 2005-2006. Yet in rejecting the opinions of treating and examining physicians and discrediting plaintiff, the ALJ explicitly relied on the absence of treatment or documented

1  physical complaints after 2004.  AT 16-17, 19.  The ALJ also failed to provide the consulting
2  physicians with relevant medical records.  AT 356, 363 (orthopedic evaluator specifically noted
3  absence of medical records for review).  See 20 C.F.R. § 404.1517 (regulations require that
4  consultative examiner be given any necessary background information about condition).  Under
5  these circumstances, the court cannot find that the ALJ fulfilled his duty to develop the record.
6         The failure of the ALJ to properly develop the record precludes appropriate
7  judicial review.  Accordingly, this matter will be remanded under sentence four of 42 U.S.C.
8  § 405(g) for further development of the record and further findings addressing the deficiencies
9  noted above.
10        Accordingly, IT IS HEREBY ORDERED that:
11        1. Plaintiff's motion for remand is granted;
12        2. The Commissioner's cross motion for summary judgment is denied; and
13        3. This matter is remanded for further proceedings consistent with this order.
14 DATED: March 27, 2008.

_____
U.S. MAGISTRATE JUDGE

006
brown.ss